**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| GREGORY GUTTMAN | § | |
|     Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| | § | |
| WAL-MART ASSOCIATES, INC. | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, and files this Complaint, in support of which would respectfully show the Court the following:

**PARTIES**

1. Plaintiff Gregory Guttman is resident of the State of Texas.

2. Defendant Wal-Mart Associates, Inc. ("Wal-Mart") is a foreign corporation doing business in Texas with registered agent as CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

**VENUE**

3. Venue is proper in Dallas County, Texas as the county in which Defendant has a principal office.

**SUMMARY**

4. Plaintiff sues Defendant for unlawful employment practices under the provisions of the Americans with Disabilities Act and the Texas Labor Code and brings this action for money

damages and equitable relief.  Plaintiff seeks damages due to Defendant's noncompliance with the ADA as well as the Texas Labor Code. Defendant discriminated against Plaintiff based upon his disability, falsely alleged an essential job function that is not an essential job function, harassed him based upon his disability and refused to reasonably engage in the interactive process.

## FACTS

5.  Plaintiff was hired by Defendant on August 5, 2016 as an Asset Protection Host.  His supervisor, Yvonne, gave him a good performance evaluation in February of 2017 with a few instructions on how to do his job better. He also got a raise.  Plaintiff has had no disciplinary issues either.

6.  Plaintiff is wheelchair bound as a result of cerebral palsy, a condition he has had since birth.  Plaintiff successfully performed his job at Wal-Mart for over a year, without accommodation.

7.  In September 2017, he was told by Wal Mart employees Yvonne and Warren, the store manager, that his job description was changing to include "standing" as an essential job function. Wal-Mart would not explain how it alleged it was an essential job function, when it clearly is not.  Yvonne said to not worry that they were going to submit a waiver for him and that he just needed his doctor to fill out the paperwork.  Performing the job of Asset Protection Host does not require standing as an essential job function.

8.  Plaintiff went to his doctor, Dr. Greer, on September 8, 201. The doctor stated he could not climb a ladder, stand or walk or lift over 9 lbs. and to let Plaintiff work in his wheelchair.

9.  On September 15, 2017, Plaintiff received a call from a woman with disabled services for Sedgwick, the company acting on behalf of Wal Mart with respect to disability accommodations.

She stated that Plaintiff can no longer do his job because he cannot lift 25 lbs. or move around the store or stand. Plaintiff explained that he has been doing the same job for a year and two months. The woman said that they cannot honor the waiver. She told him that he can resubmit his medical and that he was not to go back to work until the issue was resolved. He turned in his additional medical forms wherein Dr. Greer changed the lifting restrictions to allow lifting up to 25 lbs. Plaintiff drives himself, breaks his wheelchair down himself, and lifts himself into his truck (he weighs 285 lbs.).

10. Plaintiff waited for Wal-Mart but never heard anything. He kept going back to Wal-Mart to see what was going on to only be told that they still have not heard anything. He called the store manager and even called Human Resources and no one would return his calls.

11. On October 12, 2017, Plaintiff received a letter stating that Wal-Mart cannot accommodate him.

12. Plaintiff had a meeting with Wal-Mart and was given a list of jobs that he can do.

13. Plaintiff was forced out of his job as a Customer Host and required to find a different job within the company. As of October 25, 2017, he is now performing the job of Self-Checkout Host at a lesser rate of pay.

14. Plaintiff accepted the job of Self-Checkout Host which is more physically demanding than Asset Host.

15. Further, Plaintiff was not paid from September 15, 2017 to October 25, 2017.

16. As Asset Host his core hours were from noon to 5:00 p.m. However now he works from 6:00 p.m. to 11:00 p.m.

## CAUSES OF ACTION

17. Plaintiff asserts causes of action for disability discrimination, disability harassment, failure to accommodate a disability, and failure to engage in the interactive process under the Americans with Disabilities Act and the Texas Labor Code. On December 20, 2017, Plaintiff dually filed charges of discrimination with the EEOC and TWC under the ADA and Texas Labor Code. Plaintiff timely filed his charge consistent with 42 U.S.C. § 12117, et seq. as well as the Texas Labor Code. On July 21, 2018, Plaintiff received a Notice of Right to Sue from the EEOC and has filed this lawsuit within 90 days from receipt of such notice. He has satisfied all jurisdictional prerequisites for filing this lawsuit.

18. Because of Defendant's failure to accommodate, discrimination, harassment, and failure to engage in the interactive process, Plaintiff is entitled to recover compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, with prejudgment interest, pursuant to 42 U.S.C. Section § 12117 and 21.2585(d) of the Texas Labor Code.

19. Plaintiff sustained lost wages and employment benefits by reason of Defendant's commission of such unlawful employment practices. Accordingly, Plaintiff is entitled to an award of back pay with prejudgment interest in accordance with 42 U.S.C. Section § 12117 and Texas Labor Code § 21.258(b).

20. Because Defendant engaged in unlawful employment practices with malice or with reckless indifference to Plaintiff's state-protected rights, he is entitled to an award of exemplary damages.

21. Plaintiff is entitled to recover attorney and expert fees and costs in accordance with 42 U.S.C. Section § 12117 and Section 21.259 of the Texas Labor Code.

Jury Demand

22. Plaintiff hereby demands a jury trial in accordance with federal and state law. The jury fee has been tendered.

Prayer

Wherefore, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial Plaintiff have judgment for the following relief:

1. A permanent injunction restraining and enjoining defendant from engaging in unlawful employment practices based on age, race, national origin, gender, religion and disability;

2. Back pay, and lost benefits;

3. Front pay in lieu of reinstatement;

4. Compensatory damages;

5. Exemplary damages;

6. Prejudgment and post judgment interest at the rates provided by law;

7. Attorney and expert fees and all court costs;

8. Such other and further relief to which plaintiffs may be justly entitled.

Respectfully submitted,

s/Susan E. Hutchison
Susan E. Hutchison
Texas Bar No. 10354100
sehservice@hsjustice.com

James Robert Hudson, Jr.
Texas Bar No. 24094736
jr@hsjustice.com

                          HUTCHISON & STOY, PLLC
                          505 Pecan St., Ste. 101
                          Fort Worth, TX  76102
                          Tel. 817-820-0100
                          Fax 817-820-0111

                          ATTORNEYS FOR PLAINTIFF